LOCAL 8, INTERNATIONAL BROTH-
ERHOOD OF ELECTRICAL
WORKERS, Plaintiff

v.

CSX TRANSPORTATION,
INC., Defendant

No. 3:02CV7306.

United States District Court,
N.D. Ohio,
Western Division.

Oct. 30, 2002.

Harold A. Ross, Ross & Kraushaar, cleveland, OH, for Local 8, Intern. Broth. of Elec. Workers.

Garrick O. White, Anspach, Serraino, Meeks & Nunn, Toledo, OH, Richard F. Ellenberger, Anspach, Serraino, Meeks & Nunn, Toledo, OH, for CSX Transp., Inc.

### ORDER

CARR, District Judge.

This is a proceeding to vacate an arbitration award in which the plaintiff, Local 8 of the International Brotherhood of Electrical Workers, has filed a motion to compel discovery. Plaintiff seeks to depose two representatives of the defendant.

For the reasons that follow, the motion to compel shall be denied.

This proceeding began with a dispute between Local 8 and CSXT about the number of electricians to be assigned at CSX' coal and ore docks in Toledo, Ohio. The parties submitted the dispute to a Special Board of Adjustment for arbitration. Dissatisfied with the Board's award in favor of CSX, Local 8 has brought this proceeding.

Local 8 asserts four challenges to the award:

1. The Board lacked jurisdiction under the collective bargaining agreement because CSX improperly invoked the procedures for arbitration;

2. The Board failed to confine itself to matters within the scope of its jurisdiction when it based its decision on improper factors;

3. The Board's decision failed to draw its essence from the collective bargaining agreement; and

4. The Board's decision directly contravened specific language of the collective bargaining agreement.

The depositions sought by Local 8 relate principally to its first two objections: namely, its allegation that CSXT improperly invoked the arbitration provisions of the collective bargaining agreement, and that the Board relied on improper factors in reaching its decision. To that end, Local 8 wants to enquire of the proposed deponents with regard to:

1. The procedures followed by CSXT in invoking arbitration;

2. The jurisdiction of the Board to base its decision on the allegedly improper factors; and

3. The authority of the Board to reduce the number of electrical foremen.

According to Local 8, the deponents know how the contractual arbitration procedures were negotiated and the circumstances in which those procedures properly can be invoked. They know the considerations the arbitrator properly can consider in rendering awards under the agreement. Finally, they can testify about how this dispute was progressed to arbitration. They should be deposed so that the court has a full factual picture on which to base its ruling on the merits.

Doc. 13 at 4.

Neither party has cited, and independent research has not uncovered,

 

cases allowing discovery pending a district court's review of a Board's decision. The scope of review in this court is limited to determining whether the arbitrator's decision was "wholly baseless and without foundation." *See, e.g., Schneider v. S. Ry. Co.,* 822 F.2d 22, 24 (6th Cir.1987).

Discovery is generally not allowed in other circumstances in which judicial review is similarly circumscribed. *See generally Lasser v. Reliance Standard Life Ins. Co.,* 130 F.Supp.2d 616, 628 (D.N.J. 2001) (disallowing demand for discovery in an ERISA case where standard of review was arbitrary and capricious, rather than de novo); *Hughes v. Life Ins. Co. of North America,* 112 F.Supp.2d 780, 782 (S.D.Ind. 2000) (same).

I find, accordingly, no basis on which I could grant the discovery being sought by Local 8. In any event, even if discovery were permissible in cases involving judicial review of the Board's decisions, Local 8 has not justified its proposed inquiries. A parties' motives in invoking arbitration have nothing to do with the arbitrability of a particular grievance or issue. The same is true with regard to how and why a party may have framed its arguments or presented its challenge, or how a dispute progressed to arbitration.

What matters is whether, in fact, the issue is arbitrable, and, if so, whether the grievant's arguments have merit. Likewise, the deponents' beliefs as to considerations that an arbitrator properly can consider in rendering an award under the agreement have nothing to do with the question of whether the arbitrator's decision came from elsewhere than the essence of the collective bargaining agreement.

### Conclusion

I can find no basis for Local 8's demand to depose the proposed deponents. Anything they might be asked about, in any event, is not pertinent to the issues before this court as it undertakes its properly circumscribed review of the arbitrator's decision.

It is, therefore,

ORDERED THAT plaintiff's motion to compel be, and the same hereby is denied.

So ordered.